IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JAVIER CARRILLO,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-10-CV-00125-KC |
| | § | |
| **CYNTHIA MENDOZA AND** | § | |
| **CARLOS CARRASCO,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered Defendant Carlos Carrasco's ("Carrasco") "Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim." For the reasons set forth below, the Motion is granted and the case is dismissed.

### I.   BACKGROUND

On April 6, 2010, Plaintiff Javier Carrillo ("Carrillo") filed a Motion to Proceed in Forma Pauperis. (Doc. No. 1). On April 14, 2010, the Court granted the Motion, ordered service of process, and docketed the Complaint. (Doc. Nos. 2-4). In his Complaint, Carrillo states that either his court-appointed attorney, Carrasco, or his probation officer, Cynthia Mendoza ("Mendoza"), failed to file certain papers which would have "revoked and disposed of" a prior probation, and, that their failure to do so resulted in his violating that probation sometime in 2007. Compl. 4. On April 28, 2010, Defendant Carrasco filed the instant Motion arguing that the Court should dismiss the case because Carrillo has failed to state a claim upon which relief can be granted, and because the statute of limitations bars his claim. Mot. 3-5. Plaintiff has not responded to the Motion.

**II.    DISCUSSION**

   **A.    Standard**

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002)*; Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Still, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted); *see also Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (stating that a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions.").

   Though a complaint need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 555 (internal citation omitted).  Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."  *Id.* at 570.  Nevertheless, "a well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

A prisoner's pro se pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them.  *See Haines v. Kerner*, 404 U.S. 519 (1972).  At the

same time, however, prisoners proceeding pro se are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

### B. Statute of Limitations

Defendant Carrasco argues that Plaintiff's claim is untimely because, even construing the Complaint liberally, it was filed beyond a two-year statute of limitations applicable to § 1983 claims brought in Texas. Mot. 5. The Court agrees.

Title 42 United States Code § 1983 provides a claim against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another's constitutional rights. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 464 (5th Cir. 2010). In lawsuits brought pursuant to § 1983, a court applies the forum state's personal injury statute of limitations period. *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)). In Texas, that period is two years. *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a) (Vernon 2002)).

According to Carrillo, because of Defendants' failure to file papers, his probation was never properly disposed of, resulting in his being found to be in violation of probation in 2007. Compl. 4. Based upon this assertion, Carrillo's claim at the very latest accrued in 2007 when the alleged probation violation, of which he now complains, occurred. Carrillo's Complaint was filed in April 2010, more than three years after the alleged wrong. Even construing the Complaint most liberally, it is untimely because it was filed well after the two-year statute of limitations for § 1983 claims expired. Therefore, his claims against both Defendants Carrasco and Mendoza must be dismissed.

Furthermore, Defendant Carrasco argues that he cannot be held liable for this § 1983 claim because he was Carrillo's court-appointed attorney. Mot. 4. Defendant Carrasco is

correct. Private attorneys including court-appointed counsel, when acting as counsel to a defendant in a criminal proceeding, are not considered "state actors" for the purposes of § 1983 claims. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). For this additional reason, Carrilo's claim against Carrasco fails.

### III. CONCLUSION

For the reasons set forth above, the Motion to Dismiss (Doc. No. 5) is **GRANTED**. The claim against both Defendants is **DISMISSED**.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED** on this 14th day of May 2010.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE